UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JIMMIE EMERSON** | : | **DOCKET NO. 2:04-cv-2363**<br>**Section P** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **WARDEN ANDREWS, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Currently before the court are cross motions for summary judgment filed by the plaintiff, Jimmie Emerson [doc. 67], and the defendants, Chad Meaux and David Whelchel[1] [doc. 65]. These motions have been referred to the undersigned magistrate for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

### STATEMENT OF THE CLAIM

Plaintiff claims that on February 1, 2004, while incarcerated in Protective Custody at the Allen Correctional Center in Kinder, Louisiana, the defendants violated his constitutional rights by acting with deliberate indifference to his health and safety and by failing to protect him from an attack by another inmate, Freddie Eads. More specifically, plaintiff alleges that several correctional officers conspired with one another in allowing inmate Eads to attack plaintiff while plaintiff was walking back to his cell after taking a shower. Plaintiff contends that Sgt. Aaron Fontenot deliberately left the tier gate entrance open so that Eads (who plaintiff claims resided on another tier, and whom plaintiff did not even know

---

[1] In his complaints, the plaintiff also named Aaron Fontenot and Todd Fontenot as defendants. However, these defendants were dismissed for failure to effect service of process on them. The failure to effect service resulted from the lack of current addresses for those 2 defendants. The court took steps to assist the plaintiff in ascertaining current address for them and solicited help from defense counsel in the endeavor. However, despite these efforts, no current addresses were obtained for Aaron Fontenot and Todd Fontenot, and they were dismissed by order dated July 20, 2006. [doc. 49].

prior to the attack) could enter plaintiff's tier in order to attack plaintiff. Plaintiff states that Eads attacked him from behind, and that when he looked to Sgt. Todd Fontenot for help, Sgt. Todd Fontenot merely smiled and shrugged his shoulders.

Plaintiff further claims that he and Eads "made it to the lobby fighting," where plaintiff saw Lt. Whelchel and Sgt. Aaron Fontenot move away from the observation window in an effort to ignore the occurrence, and that those defendants, as well as defendant Todd Fontenot just watched the fight without intervening. Plaintiff states that at some point during the fight, he was cut across his left eye with an iron object that Eads was holding. Plaintiff alleges that the fight lasted at least ten minutes, and ended only after Sgt. Chad Meaux, who had also been watching the fight, intervened.

Plaintiff states that Sgts. Meaux and T. Fontenot then escorted plaintiff back to his tier. Shortly thereafter, plaintiff claims that Lt. Whelchel, and Sgts T. Fontenot and Meaux brought him to the back of the Mars Unit lobby, where Lt. Whelchel grabbed plaintiff in an unprofessional manner and told plaintiff that the fight was only a small sample of his power and threaten plaintiff with more violence if plaintiff reported the incident or sought medical help. Plaintiff claims that Todd Fontenot and Meaux were present throughout the entire conversation between plaintiff and Lt. Whelchel. Plaintiff states that the next morning Lt. Whelchel entered plaintiff's cell and again threatened him with more violence should plaintiff report the incident. Despite these threats, plaintiff claims that he reported the incident to Captain Granger, who took pictures of plaintiff's injuries (the cut over his eye, bruised ribs on his right side where he was kicked, and abrasions on his right shin), had plaintiff write a statement concerning the incident, and arranged for plaintiff to be seen in the medical department. In addition to the above listed injuries, plaintiff states that the laceration above his eye resulted in a permanent scar, and plaintiff's attached medical records show that he complained of throbbing pain running down the right side of his face and the lower right side of his rib cage. Plaintiff also complained of continuous

pain in his neck which caused sleep problems.

Plaintiff claims that the deliberate indifference in failing to protect him and in failing to provide reasonable safety from inmate attacks was motivated by plaintiff's complaints against the unethical conduct by the corrections officers.

Plaintiff also asks this court to exercise its supplemental jurisdiction over his state law claims (based upon the same set of facts as alleged in his federal suit) brought pursuant to LSA-C.C. Arts. 2315 and 2316. As a result of the above, plaintiff seeks damages of $150,000.00 as compensation for his physical pain and suffering, as well as mental anguish/anxiety, and emotional distress.

Following the delays for discovery, cross motions for summary judgment have been filed. In his motion, the plaintiff argues that the defendants acted with deliberate indifference to his health and safety by allowing Eads into the Protective Custody area and by failing to intervene when Eads attacked him. In their motion, the defendants deny that a physical altercation actually took place between plaintiff and Eads or that they acted with deliberate indifference to the plaintiff's health and safety. Specifically, the defendants state that plaintiff was the aggressor in the incident but that corrections officers acted to prevent any altercation between plaintiff and Eads. Further, the defendants argue that at the time of the alleged incident defendant Meaux was working on another tier in the Mars Housing Unit.

## LAW AND ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

In this case, the pleadings and affidavits submitted by the parties demonstrate the presence of genuine issues of material fact. Specifically, the defendants refute the plaintiff's allegation that he was

physically assaulted by inmate Eads, yet they admit that when he was seen in the infirmary the morning after the incident, plaintiff was diagnosed as having sustained scratches and abrasions to certain areas of his body. [doc. 67, p.2]. Additionally, there is a factual question regarding whether defendant Meaux was present. Plaintiff states that he was, the defendant states that he was in another area of the Mars Housing Unit, and no evidence, such as a record of work assignments, has been submitted to substantiate either claim. Further, the is a genuine issue of material fact regarding the extent of plaintiff's injuries, if any, which resulted from the alleged altercation.

ACCORDINGLY,

IT IS RECOMMENDED that the cross Motions for Summary Judgment [doc. 65 & 67] be DENIED and that this matter be set for trial.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, April 26, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE