U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 0 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JIMMIE EMERSON** | : | **DOCKET NO. 04-CV-2363** |
| VS. | : | **JUDGE MINALDI** |
| **WARDEN ANDREWS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Trial in this case was scheduled for May 19, 2008. The Court continued the trial in order to *sua sponte* revisit the parties' Cross-Motions for Summary Judgment [docs. 65, 67].

## FACTS

Plaintiff Jimmie R. Emerson (hereinafter "Emerson"), a pro se prisoner, filed suit against Lieutenant David Welchel and Sergeant Chad Meaux (hereinafter collectively "the defendants") in federal court on November 15, 2004 pursuant to 42 U.S.C. § 1983 after presenting his claim through the administrative grievance procedure.[1] Emerson claims that on February 1, 2004, the defendants violated his constitutional rights by acting with deliberate indifference to his health and safety by failing to protect him from attack by Freddie Eads, a fellow inmate.[2] Emerson later filed an amended complaint alleging negligence pursuant to La. Civ. Code Ann. arts. 2315 &

---

[1] Compl. [doc. 1]. After the administrative grievance investigation, officials concluded that Emerson was the aggressor in the incident, no physical altercation occurred between the two inmates, and Lieutenant Welchel and another guard immediately broke up the altercation before a fight occurred. First Step Response Form [doc. 36-2].

[2] *Id.*

1

2316, for which he seeks damages of $150,000.[3]

On April 26, 2007, Magistrate Judge Wilson issued a Report and Recommendation that denied both Cross-Motions for Summary Judgment.[4] On July 31, 2007, this Court issued a Judgment adopting the recommendation.[5] The Report and Recommendation found that there were issues of material fact as to whether Eads physically assaulted Emerson, whether Sergeant Meaux was present for the altercation, and the extent of the physical injuries Emerson sustained.[6] After considering the entire record and the parties' arguments, this Court is convinced that it erred in failing to grant summary judgment in favor of the defendants. Accordingly, the Court now, *sua sponte*, reconsiders the parties' Cross-Motions for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this

---

[3] Amended Compl. [doc. 4].

[4] Report and Recommendation (April 26, 2007) [doc. 70].

[5] Judgment (July 31, 2007) [doc. 74].

[6] Report and Recommendation, at 3-4 (April 26, 2007) [doc. 70].

2

burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

Pro se litigants are held to less stringent standards than practicing attorneys, but "they must still comply with the Federal Rules of Civil Procedure, including the evidentiary rules for summary judgment." *Cusick v. United States*, 2008 WL 410075, *2 (W.D. La. 2/13/08) (granting summary judgment in favor of the defendant, where the pro se prisoner failed to submit proper evidence of his claims beyond conclusory allegations in his complaint, despite several discovery extensions).

## ANALYSIS

### A.) Deliberate Indifference

"Prison officials have a duty...to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To be liable under § 1983, an official must act with deliberate indifference. An official acts with deliberate indifference toward an inmate in violation of the Eighth Amendment when the official "knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Nguyen v. Gusman*, 2008 WL 1903166, *4 (E.D. La. 4/28/08) (quoting *Farmer*, 511 U.S. at 847). The deliberate indifference test requires the official fail to take an action despite

the knowledge of a substantial risk of harm, or fail to take action when the risk was so obvious that it should have been known. *Farmer*, 511 U.S. at 832.

Emerson alleges that he stated in his Unusual Occurrence Report that Lieutenant Welchel watched the altercation without intervening.[7] Emerson alleged that Sergeant Meaux ended the fight by intervening "only after he thought that was enough."[8] The Unusual Occurrence Report is not in the Record. Despite the Louisiana Department of Public Safety and Corrections (hereinafter "DOC") having produced over 800 pages of documents,[9] Emerson submits no competent summary judgment evidence to substantiate his § 1983 claim.

The defendants submitted sworn affidavits that Lieutenant Welchel and another guard successfully restrained Emerson prior to any altercation with Eads, and thus Emerson did not sustain any injuries.[10] Lieutenant Welchel also stated in his sworn affidavit that Sergeant Meaux was working in a different tier altogether when the altercation occurred.[11] Furthermore, Lieutenant Welchel stated he had no reason to know of, or anticipate, any risk of injury to

---

[7] Compl. [doc. 1].

[8] *Id.*

[9] Magistrate Judge Wilson indicated that the DOC produced all of the documents that Emerson requested that were in its possession. Order, at 2 (Nov. 1, 2006) [doc. 63].

[10] Defs.' Mem. in Support of Mot. for Summary Judgment (Welchel Aff.) [doc. 67].

[11] *Id.; see also* Meaux Affidavit (stating he was working on a different tier than where the altercation occurred and thus did not witness any attempted altercation between Emerson and Eads) [doc. 67]. In his interrogatory, Sergeant Meaux stated that he did not possess any additional way to verify his work assignment. Meaux Answer to Interrogatories [doc. 36-2].

Emerson by Eads.[12]

Here, Emerson has presented no competent summary judgment evidence to create an issue of material fact for trial, despite having received interrogatories from both defendants, a certified copy of the Administrative Remedy Procedure and the defendants' statements therein, and 800 pages of documents from the Louisiana DOC.[13] His brief contains only the summary judgment standard and a discussion of legal principles under § 1983. Emerson claims his evidence is in the form of an Unusual Occurrence Report, which is not contained in the record. Thus, the only support for his claim are the allegations in his complaint, which are not sufficient to survive a Motion for Summary Judgment. Although Emerson, as a pro se litigant, is not held to the same standards as a practicing attorney, he must still comply with Rule 56's evidentiary requirements and present competent summary judgment evidence. *See Cusick*, 2008 WL 410075, at *2.

Emerson has not presented any evidence to contradict the defendants' sworn affidavits that Lieutenant Welchel acted immediately to break up the altercation, that Sergeant Meaux was not in the area when the altercation occurred, and that neither defendant was aware Eads posed a threat. Thus, there is no issue of material fact on the whether the defendants acted with deliberate indifference. Accordingly, because Emerson failed to submit any competent summary judgment evidence that would create an issue of material fact for trial on his § 1983 claim, this Court finds that the defendants are entitled to summary judgment as a matter of law.

---

[12] Defs.' Mem. in Support of Mot. for Summary Judgment (Welchel Aff.) [doc. 67]. Emerson himself also stated that prior to any altercation, he "never knew or had any problems with Inmate Eads." Pl.'s Amended Compl. [doc. 10].

[13] [doc. 36].

### B.) *De Minimus* Injuries

Furthermore, even accepting Emerson's claims as true, this Court finds that as a matter of law Emerson has failed to state a claim because Emerson himself does not allege that he suffered more than a *de minimus* injury as a result of the altercation with Eads.

Pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), *de minimus* injuries are excluded from Constitutional recognition. *Luong v. Hatt*, 979 F. Supp. 481, 485 (N.D. Tex. 1997) (finding the prisoner's injuries were *de minimus*, where he suffered a bleeding tongue, injured shoulder, minor abrasions, and a contusions with slight swelling, all of which lasted only a few days). *De minimus* injuries include cuts, scratches, and abrasions, or slight soreness that can last up to two or three weeks. *Id.* at 485-86. Lasting disabilities that cause severe pain over any period of time, however, are not *de minimus*. *Id.* at 485. If an injury would not cause a person in the free world setting to seek medical care, and home treatment using over-the-counter drugs, heating pads, rest, etc...would suffice, the injury is *de minimus*. *Id.*

Two prison medical reports are in the record. The first was from February 2, 2004, the day after the altercation. The Report states that Emerson had an abrasion over his left eye, an abrasion on his right chest, and an abrasion on his right shin.[14] Nurse Joseph Sylvester, LPN, prescribed Emerson 400 mg of Motrin for three days.[15] The Report stated that the physician was not notified and Emerson was not referred to the next physician sick call.[16] On February 8, 2004,

---

[14] Medical Report on Injuries/Non Injuries (Feb. 2, 2004) [doc. 8-3].

[15] *Id.*

[16] *Id.*

Emerson returned to the infirmary for more pain medication.[17] The record does not contain evidence that Emerson's injuries rise beyond *de minimus*, nor does Emerson himself allege injuries that rise beyond *de minimus*. Cuts, abrasions, and pain that last even up to a few weeks but are treatable with over-the-counter or home remedies are *de minimus*, and as such, Emerson has failed to state a constitutionally sufficient injury.

### C.) State Law Claims

Emerson also brings suit pursuant to La. Civ. Code Ann. arts. 2315 & 2316. After all federal claims are dismissed, the typical rule in the Fifth Circuit is to decline to exercise jurisdiction over pendent state law claims. *See Nguyen*, 2008 WL 1903166, at *7 (citing *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)). Because this Court finds that all of Emerson's federal claims are dismissed, this Court shall also decline to exercise supplemental jurisdiction over Emerson's state law claims.

### CONCLUSION

This Court disagrees with the Magistrate's Report and Recommendation insofar as it found issues of material fact. First, the Report and Recommendation found there was an issue of material fact as to whether Eads assaulted Emerson. Whether Eads or Emerson initiated the altercation is not material if, as is the case here, the plaintiff suffered only *de minimus* injuries, or, as is also the case here, if there is no issue of material fact that the officials did not act with deliberate indifference. Regardless of which prisoner initiated the altercation, Emerson has not demonstrated issues of material fact to survive a summary judgment motion on his § 1983 claim. Second, the Report and Recommendation stated that there was an issue of material fact as to

---

[17] Request for Medical Treatment (Feb. 8, 2004) [doc. 8-3].

Case 2:04-cv-02363-PM-KK Document 84 Filed 06/03/08 Page 8 of 8 PageID #: 350

whether Sergeant Meaux was present for the altercation. Emerson failed to present any competent summary judgment surrounding Sergeant Meaux's whereabouts, whereas the defendants presented two affidavits stating Sergeant Meaux was working on a different tier. Last, the Report and Recommendation stated there was an issue of material fact as to the extent of Emerson's injuries. There is no issue of material fact because Emerson's medical reports indicate he suffered only abrasions and contusions, which this Court finds are *de minimus*.

Thus, after reviewing the entire record, and revisiting the parties' arguments, this Court finds that there are no issues of triable fact in this case and that the defendants are entitled to judgment as a matter of law; accordingly,

IT IS ORDERED that the defendants' Cross-Motion for Summary Judgment [doc. 67] is hereby GRANTED in its entirety,

IT IS FURTHER ORDERED that this Court's July 31, 2007 Judgment [doc. 74] is hereby VACATED.

Lake Charles, Louisiana, this __3__ day of __June__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE